**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
At Baltimore

| | |
|---|---|
| KENNEDY KRIEGER INSTITUTE, INC.,<br>707 North Broadway<br>Baltimore, MD 21205; | Docket No.<br><br>**JURY TRIAL DEMANDED** |
| KENNEDY KRIEGER CHILDREN'S<br>HOSPITAL, INC.,<br>707 North Broadway<br>Baltimore, MD 21205; and | |
| KENNEDY KRIEGER ASSOCIATES, INC.,<br>707 North Broadway<br>Baltimore, MD 21205, | |
|      Plaintiffs, | |
|      v. | |
| BRUNDAGE MANAGEMENT COMPANY,<br>INC. EMPLOYEE BENEFIT PLAN,<br>Thomas O. Brundage, Registered Agent<br>254 Spencer Lane<br>San Antonio, TX 78201; | |
| BRUNDAGE MANAGEMENT COMPANY,<br>INC.,<br>Thomas O. Brundage, Registered Agent<br>254 Spencer Lane<br>San Antonio, TX 78201; | |
| BENEFIT MANAGEMENT<br>ADMINISTRATORS, INC.,<br>James Burkholder, Registered Agent<br>11550 W. Interstate 10, Suite 220<br>San Antonio, TX 78230; | |
| INETICO, INC., t/a INETICARE,<br>Maureen A. Becotte, Registered Agent<br>400 North Ashley Drive, Suite 1550<br>Tampa, FL 33602; and | |
| ABC ENTITIES #1-10, | |
|      Defendants. | |

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiffs Kennedy Krieger Institute, Inc., Kennedy Krieger Children's Hospital, Inc., and Kennedy Krieger Associates, Inc. (collectively, "Plaintiffs"), by and through their counsel Alan C. Milstein and Jerrold N. Poslusny, Jr. of Sherman, Silverstein, Kohl, Rose & Podolsky, P.A., by way of Complaint against Defendants Brundage Management Company, Inc. Employee Benefit Plan ("Brundage Plan" or "Plan"), Brundage Management Company, Inc. ("Brundage"), Benefit Management Administrators, Inc. ("Benefit Management Administrators"), Inetico, Inc., t/a Ineticare ("Ineticare"), and ABC Entities #1-10 (collectively, "Defendants"), hereby says, states, and avers as follows:

## THE PARTIES

1.      Plaintiff Kennedy Krieger Institute, Inc. is a non-profit corporation incorporated and headquartered in the State of Maryland.  Kennedy Krieger Institute, Inc. is the parent corporation of Kennedy Krieger Children's Hospital, Inc. and Kennedy Krieger Associates, Inc. Kennedy Krieger Institute, Inc. is a citizen of the State of Maryland.

2.      Plaintiff Kennedy Krieger Children's Hospital, Inc. is a non-profit corporation incorporated and headquartered in the State of Maryland.  It is a citizen of the State of Maryland.

3.      Plaintiff Kennedy Krieger Associates, Inc. is a non-profit corporation incorporated and headquartered in the State of Maryland.  It is a citizen of the State of Maryland.

4.      Defendant Brundage Management Company, Inc. is a corporation incorporated in the State of Texas, and with a principal place of business in the State of Texas.  Its registered agent for service of process is Thomas O. Brundage.  Brundage is a citizen of the State of Texas.

5.      Brundage provides medical and other health care benefits to its employees by sponsoring and/or providing a self-funded group health plan called the Brundage Management

Company, Inc. Employee Benefit Plan.  It can be served care of Thomas O. Brundage.  The Brundage Plan is a citizen of the State of Texas.

6.      Defendant Benefit Management Administrators, Inc. is a corporation incorporated in the State of Texas, and with a principal place of business in the State of Texas.  Its registered agent for service of process is James Burkholder.   Benefit Management Administrators is a citizen of the State of Texas.

7.      Defendant Inetico, Inc., t/a Ineticare is a corporation incorporated in the State of Florida, and with a principal place of business in the State of Florida.  Its registered agent for service of process is Maureen A. Becotte.  Ineticare is a citizen of the State of Florida.

8.      ABC Entities #1-10 are entities, whose identities are currently unknown or not fully known to the Plaintiff, that bear or may bear responsibility for the events in suit.

## PERSONAL JURISDICTION

9.      This Court has personal jurisdiction over Brundage, the Brundage Plan, Benefit Management Administrators, and Inetico because they each possess the requisite minimum contacts with the State of Maryland, such that the maintenance of this suit in this jurisdiction does not offend traditional notions of fair play and substantial justice.

## SUBJECT MATTER JURISDICTION

10.      This Court has subject matter jurisdiction over the Plaintiffs' claims pursuant to 28 U.S.C. § 1332, which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States," because said claims exceed $75,000, exclusive of interest and costs, and are between citizens of different states.

## VENUE

11.     Venue is proper in the United States District Court for the District of Maryland because a substantial part of the events giving rise to this lawsuit occurred within the territory encompassed by this Court.  See 28 U.S.C. § 1391(b)(2).

## FACTS COMMON TO ALL COUNTS

12.     Brundage provides medical and other health care benefits to its employees by sponsoring and administrating the Brundage Plan, a self-funded group health plan.

13.     The Brundage Plan covers ██████████████████████████████ ████████, and this case therefore does not require an interpretation of the Brundage Plan.

14.     The Brundage Plan designates Brundage as the plan administrator, and further designates Benefit Management Administrators as the claims administrator.  Ineticare provides third-party administration services on behalf of some or all of the foregoing entities.

15.     As of November 2012, ████ ████ ████████████████████████████ ██.

16.     ████████████████████████████████████████████ ██████████████████.

17.     ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████.

18.     ████████████████████████████████████████████ ████████████████████████████████████  ████████ ████████████████████████████████████████████ ████████████████████████████.

---

[1] Out of an abundance of caution, both ████████████ are referred to pseudonymously.

19. █████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████

20. █████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████  ███████████

████████████████████████████████████████

███████

21. █████████████████████████████████████

██████████████████████  ██████████████████████████████

████████████████████████████████████████

██████████████████

22.    In November 2012, ████████████████████████

████████████████████████████████████████

████

23.    On or around November 21, 2012, █████████████████

████████████  ███████  ████████████  ███████  █  █████████  ██████  █████████

██████████████████████

24. █████████████████████████████████████

████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

████████████████████████

25.   █████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

██████████████████

26.   ████████████████████████████████████████

███████████████████████████████████████

27.     Prior to February 14, 2013, Ineticare, individually and on behalf of the other

Defendants, represented to the Plaintiffs and their representatives that ███████████████

█████████████████████████████████████████████████████

█████████████████████████

28.     On February 14, 2013, ███████████████████████████████████

█████████████████████████████████████████████████████

29.   ███████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

████████████████████████████████████████

30.   ███████████████████████████████████████████

██████████████████████████████████████████████████

31.   ███████████████████████████████████████████

█████████████████████████████████████████████████████



32. ███████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████

33. ███████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████

34. ██████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████

35. ████████████████████████████████████████

██████████████████████████████

36.     The bill for ████████ treatment amounts to approximately $750,000, and remains due and outstanding.

37.     The amount was billed out by, and is owed to, Plaintiffs Kennedy Krieger Children's Hospital, Inc. and Kennedy Krieger Associates, Inc.

38.     ████████ authorized the Plaintiffs to file appeals of the denial of benefits.

39.     In ruling on the appeals, Brundage, Benefit Management Administrators, and/or Ineticare came to the conclusion that the treatment was "not medically necessary."

40.     On information and belief, Brundage has annual revenues exceeding $12,000,000. Moreover, a self-funded group health plan typically purchases excess loss insurance, also known in the insurance industry as stop-loss insurance, that indemnifies the plan against any significant or unexpected claims.

41.     In an attempt to dissuade ███ from pursuing the matter any further, however, Brundage falsely advised ███ that it would be bankrupt if ordered to pay, and suggested that ███ would be fired if ███ pursued the matter further.  As a result, ███ has not assigned the right to pursue an enforcement action under § 502(a) of ERISA to the Plaintiffs.

42.     Nevertheless, the Plaintiffs have standing to pursue claims besides § 502(a) claims, and those claims are not preempted by ERISA.  See, e.g., Lordmann Enters. v. Equicor, Inc., 32 F.3d 1529 (11th Cir. 1994); Hospice of Metro Denver, Inc. v. Group Health Ins., Inc., 944 F.2d 752 (10th Cir. 1991); Memorial Hosp. Sys. v. Northbrook Life Ins. Co., 904 F.2d 236 (5th Cir. 1990).

43.     At this juncture, the Plaintiffs have exhausted any and all appeals required by the Brundage Plan's internal review process.

## COUNTS AND CAUSES OF ACTION

### COUNT ONE – BREACH OF CONTRACT (PROMISSORY ESTOPPEL)

44.     The Plaintiffs repeat the foregoing allegations as if fully set forth herein.

45.     At times relevant to this count, Ineticare was administering the Brundage Plan on behalf of Brundage, and Benefit Management Administrators.

46.     ████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
█████████████

47.     Ineticare, the Brundage Plan, Brundage, and Benefit Management Administrators knew that these representations would induce the Plaintiffs to ████████████████ ████████████████████████████████

48.     As such, an independent contract was created between the Plaintiffs, on the one hand, and the Defendants, on the other hand, whereby the Defendants promised and represented that ████████████████████████████████████████ ████████████████████████████████████████████ ███████████████████████████.

49.     This contract is made enforceable by, among other things, the Plaintiffs' reasonable, justifiable, and detrimental reliance upon the Defendants' promise.

50.     Although this contract, and the application of promissory estoppel, is consistent with the Brundage Plan, it does not depend upon the existence or actual terms of the Brundage Plan.

51.     On February 14, 2013, acting in reasonable, justifiable, and detrimental reliance upon Ineticare's promises, statements, and representations, the Plaintiffs ████████████ ████████████████████████████

52.     ████████████████████████████████████████████ ████████████████████████

53.     The Plaintiffs performed all obligations that were required of them under the contract.

54.     As a direct and proximate result of the Defendants' actions, the Plaintiffs have been harmed and damaged in an amount exceeding $750,000.

55.     Injustice, and unjust enrichment, would only be avoided by enforcing the Defendants' express and implied obligations in contract or quasi-contract.

**WHEREFORE**, Plaintiffs Kennedy Krieger Institute, Inc., Kennedy Krieger Children's Hospital, Inc., and Kennedy Krieger Associates, Inc. respectfully demand a judgment in their favor, and against Defendants Brundage Management Company, Inc. Employee Benefit Plan, Brundage Management Company, Inc., Benefit Management Administrators, Inc., Inetico, Inc., t/a Ineticare, and ABC Entities #1-10 in an amount exceeding $750,000, pre-judgment and post-judgment interest, attorney's fees (to the extent recoverable under applicable law), costs of suit, and such other relief as is just and proper in the circumstances provided.

## COUNT TWO – BREACH OF CONTRACT (THIRD-PARTY BENEFICIARY)

56.     The Plaintiffs repeat the foregoing allegations as if fully set forth herein.

57.     The Brundage Plan constitutes a contract by and between Brundage, on the one hand, and its employees, on the other hand.

58.     The contract was established for the benefit of, among others, health care providers that render services and are owed reimbursement for those services. See, e.g., Vencor Hosps. v. Blue Cross Blue Shield, 169 F.3d 677, 680 (11th Cir. 1999) (citation omitted) ("Medical service providers … have been recognized as third party beneficiaries of insurance contracts.").

59.     ███████ performed all obligations that were required of ███ under the Brundage Plan.

60.     It is undisputed that the Brundage Plan provides coverage for ███████████████ ████████████████████████████████.

61.     The Brundage Plan; Brundage, as plan sponsor; Benefit Management Administrators, as claims administrator; and Inetico, as third-party administrator acted arbitrarily and capriciously, breached the contract, and/or aided and abetted the breach of contract by failing

to pay for said treatment, which was medically necessary and indisputably covered under the Brundage Plan.

62.     As a direct and proximate result of the foregoing breach of contract, the Plaintiffs have sustained damages exceeding $750,000.

**WHEREFORE**, Plaintiffs Kennedy Krieger Institute, Inc., Kennedy Krieger Children's Hospital, Inc., and Kennedy Krieger Associates, Inc. respectfully demand a judgment in their favor, and against Defendants Brundage Management Company, Inc. Employee Benefit Plan, Brundage Management Company, Inc., Benefit Management Administrators, Inc., Inetico, Inc., t/a Ineticare, and ABC Entities #1-10 in an amount exceeding $750,000, pre-judgment and post-judgment interest, attorney's fees (to the extent recoverable under applicable law), costs of suit, and such other relief as is just and proper in the circumstances provided.

## COUNT THREE – FRAUD (V. BRUNDAGE MANAGEMENT COMPANY, INC. ONLY)

63.     The Plaintiffs repeat the foregoing allegations as if fully set forth herein.

64.     Brundage falsely advised ▓▓▓▓ that it would be bankrupt if ordered to pay, and ▓ would be fired, and as a result ▓▓▓▓ has not assigned ▓ rights to pursue a § 502(a) enforcement action to the Plaintiffs.

65.     Brundage made the foregoing false statements and fraudulent misrepresentations with the knowledge that they were false.

66.     Brundage made the foregoing false statements and fraudulent misrepresentations with the intent that ▓▓▓▓ rely upon them.

67.     ▓▓▓▓ relied upon the foregoing false statements and fraudulent misrepresentations.

68.     In reality, Brundage has annual revenues exceeding $12,000,000.  Moreover, a self-funded group health plan typically purchases excess loss insurance, also known in the

insurance industry as stop-loss insurance, that indemnifies the plan against any significant or unexpected claims.

69.     As a result of the foregoing false statements and fraudulent misrepresentations, the Plaintiffs have been damaged in an amount exceeding $750,000.

**WHEREFORE**, Plaintiffs Kennedy Krieger Institute, Inc., Kennedy Krieger Children's Hospital, Inc., and Kennedy Krieger Associates, Inc. respectfully demand a judgment in their favor, and against Defendants Brundage Management Company, Inc. Employee Benefit Plan, Brundage Management Company, Inc., Benefit Management Administrators, Inc., Inetico, Inc., t/a Ineticare, and ABC Entities #1-10 in an amount exceeding $750,000, pre-judgment and post-judgment interest, attorney's fees (to the extent recoverable under applicable law), costs of suit, and such other relief as is just and proper in the circumstances provided.

<u>**COUNT FOUR – VIOLATIONS OF ARTICLE 21.21**</u>
<u>**OF THE TEXAS INSURANCE CODE**</u>

70.     The Plaintiffs repeat the foregoing allegations as if fully set forth herein.

71.     The Defendants' conduct, as described above, violated the Defendants' duties under Article 21.21 of the Texas Insurance Code, including but not limited to §§ 4(1), 4(11), and 16(a).

**WHEREFORE**, Plaintiffs Kennedy Krieger Institute, Inc., Kennedy Krieger Children's Hospital, Inc., and Kennedy Krieger Associates, Inc. respectfully demand a judgment in their favor, and against Defendants Brundage Management Company, Inc. Employee Benefit Plan, Brundage Management Company, Inc., Benefit Management Administrators, Inc., Inetico, Inc., t/a Ineticare, and ABC Entities #1-10 in an amount exceeding $750,000, pre-judgment and post-judgment interest, attorney's fees (to the extent recoverable under applicable law), costs of suit, and such other relief as is just and proper in the circumstances provided.

### JURY TRIAL DEMAND

The Plaintiffs respectfully demand a jury trial as to all counts so triable.

Dated: May 23, 2014

Respectfully submitted,

SHERMAN, SILVERSTEIN, KOHL,
ROSE & PODOLSKY, P.A.

By:    /s/ Jerrold N. Poslusny, Jr.
Alan C. Milstein (*Pro Hac Vice* Forthcoming)
Jerrold N. Poslusny, Jr. (Bar No. 25763)
308 Harper Drive, Suite 200
Moorestown, NJ 08057
Telephone: 856-662-0700
Facsimile: 856-488-4744
E-Mail: amilstein@shermansilverstein.com
jposlusny@shermansilverstein.com

*Attorneys for the Plaintiffs*

*Of Counsel:*
Edmond Tiryak
Post Office Box 229
Wayne, PA 19087
Telephone: 610-341-9797
E-Mail: etiryak@email.msn.com